1
2
3
4
5
6
7

8                    UNITED STATES DISTRICT COURT

9                   WESTERN DISTRICT OF WASHINGTON

10                            AT SEATTLE

11

| | |
|---|---|
| 12  SANDRA MIRABILE, MATHEW MERMAN, DIANE McNEALY, MICHAEL 13  McNEALY, MARK FLADD, STEPHANIE FLADD, and LISA HOVASSE, Individually 14  and on Behalf of All Others Similarly Situated, | No. _____ |
| 15                        Plaintiffs, | COMPLAINT-CLASS ACTION |
| 16        vs. | COMPLAINT FOR VIOLATION OF THE WASHINGTON, FLORIDA, CALIFORNIA, NEW HAMPSHIRE, AND |
| 17  AMAZON.COM, INC., a Delaware corporation, and AMAZON.COM SERVICES 18  LLC, a Delaware limited liability company, | MASSACHUSETTS WIRETAPPING STATUTES |
| 19                        Defendants. | DEMAND FOR JURY TRIAL |

20
21
22
23
24
25
26

COMPLAINT – CLASS ACTION AND DEMAND
FOR JURY TRIAL
No.:

## I.     INTRODUCTION

1.     "Hey, Alexa:  stop recording me."  No reasonable person would allow a stranger to eavesdrop in their home and covertly record private conversations.  That, of course, would be a textbook example of invasion of privacy.  Yet that is precisely what defendants Amazon.com, Inc. and Amazon.com Services LLC (collectively, "Amazon" or "Defendants") are charged with in this case.  Plaintiffs Sandra Mirabile, Mathew Merman, Diane McNealy, Michael McNealy, Mark Fladd, Stephanie Fladd, and Lisa Hovasse ("Plaintiffs") bring this action individually, and on behalf of a class of similarly situated individuals, to hold Defendants accountable for violating the laws of Washington, Florida, California, New Hampshire, and Massachusetts by using smart-speaker technology ("Alexa") to secretly record and maintain millions of Americans' voices and communications.

2.     Smart-speaker technology is an omnipresent feature in Amazon's products.  "Hey, Alexa" has become part of the 21st-century lexicon.  In addition to Amazon products utilizing Alexa – such as Echo Dot, Echo Plus, Echo Sub, Echo Show, Echo Input, Echo Frames eyeglasses, Amazon Fire TV digital media player, and Amazon Fire tablets – Amazon has authorized several third-party device manufacturers to offer products that either come with Alexa capability built-in or that are easily integrated with Alexa (collectively, "Alexa Device" or "Alexa Devices").  The widespread proliferation of Alexa Devices underscores the magnitude of information Alexa can impermissibly capture.

3.     Defendants designed Alexa to record and respond to user communications.  It "listens" to verbal communications and responds to those communications in a simulated voice.  While an Alexa Device is "always on," it is supposed to only respond to commands after it hears a "wake" word – which is typically either "Alexa" or "Echo."[1]  After hearing the "wake" word, Alexa then records any subsequent communications.  Because Alexa was created to capture voices

---

[1]     Smart Home, *Introducing Amazon Echo*, YouTube (Aug. 5, 2016), https://www.youtube.com/watch?v=CYtb8RRj5r4.

COMPLAINT – CLASS ACTION AND DEMAND
FOR JURY TRIAL
No.:                                                                          - 1 -

STRITMATTER KESSLER
KOEHLER MOORE
3600 15th Avenue West, #300 | Seattle, WA  98119
Tel: 206/448-1777 | Fax: 206/728-2131

"from anywhere in the room," the communications it records include anything an individual within close proximity to the device may say. The recordings are then transmitted to Amazon's servers for interpretation and processing before Alexa generates a response. Amazon then indefinitely stores a copy of that recording to later use for its own self-serving purposes. This practice has resulted in the unlawful preservation of billions of private conversations.

4.      For recording purposes, Alexa does not discriminate between registered and non-registered users.[2] It simply records voices – all of them. This means anyone who speaks near an Alexa Device will have their voice recorded. This is true regardless of whether someone is talking directly to Alexa, to another person, or even to themselves. To make matters worse, Alexa often captures communications without the intentional use of the wake word. It has been shown that Alexa routinely activates or "wakes up" based on several words and phrases that sound similar to "Alexa" or "Echo." For example, words containing "k" or that sound similar to "Alexa," such as "exclamation," "Kevin's car," and "congressman," cause Alexa to wake up and begin recording unbeknownst to users.[3] Notwithstanding that users can customize their wake word, the same programming deficiencies make Alexa susceptible to a wide range of false positives.

5.      While Alexa is held out to resemble an ideal servant in a Victorian manor, hovering in the background, waiting patiently to do its master's bidding, that is merely a façade. In reality, Alexa is more akin to an Orwellian Big Brother informant, surreptitiously collecting personal, private, and confidential conversations to bring back to its true master, Amazon – which then uses the unauthorized and unlawfully obtained information at its discretion.

6.      Plaintiffs bring this class action Complaint against Defendants to obtain redress for all persons in the United States and its Territories who have used Alexa on any Alexa Device, or

---

[2]    "Registered" users refers to persons who registered the Alexa Device at issue. "Unregistered" or "non-registered" users refers to persons who did not register the Alexa Device at issue.

[3]    Jennifer Jolly, *It's not you, it's them: Google, Alexa and Siri may answer even if you haven't called*, USA TODAY (Feb. 25, 2020), https://www.usatoday.com/story/tech/conferences/2020/02/25/google-alexa-siri-randomly-answer-even-without-wake-word-study-says/ 4833560002/.

COMPLAINT – CLASS ACTION AND DEMAND
FOR JURY TRIAL
No.:
- 2 -

STRITMATTER KESSLER
KOEHLER MOORE
3600 15th Avenue West, #300 | Seattle, WA  98119
Tel: 206/448-1777 | Fax: 206/728-2131

1    had their communications monitored, recorded, stored, or intercepted by an Alexa Device –

2    irrespective of whether they were registered or unregistered users – and have therefore been

3    recorded by Amazon without consent.  Plaintiffs allege as follows as to themselves, upon personal

4    knowledge of their own acts and experiences, and as to all other matters, upon information and

5    belief, including investigation conducted by their undersigned attorneys:

6    **II.    PARTIES**

7         7.    Plaintiff Sandra Mirabile is a natural person and citizen of Florida and resides in

8    Bonita Springs, Florida.  Plaintiff lives in a household with an Alexa Device registered by herself.

9         8.    Plaintiff Mathew Merman is a natural person and citizen of Florida and resides in

10   West Palm Beach, Florida.  Plaintiff lived in a household with an Alexa Device registered by

11   himself.

12        9.    Plaintiff Diane McNealy, is a natural person and citizen of New Hampshire and

13   resides in Londonderry, New Hampshire.  Plaintiff lives in a household with an Alexa Device

14   registered by herself.

15        10.    Plaintiff Michael McNealy, is a natural person and citizen of New Hampshire and

16   resides in Londonderry, New Hampshire.  Plaintiff lives in a household with an Alexa Device

17   registered by someone else.

18        11.    Plaintiff Mark Fladd is a natural person and citizen of California and resides in

19   Corona, California.  Plaintiff lives in a household with an Alexa Device registered by himself.

20        12.    Plaintiff Stephanie Fladd is a natural person and citizen of California and resides in

21   Corona, California.  Plaintiff lives in a household with an Alexa Device registered by someone

22   else.

23        13.    Plaintiff Lisa Hovasse is a natural person and citizen of Massachusetts and resides

24   in Burlington, Massachusetts.  Plaintiff lives in a household with an Alexa Device registered by

25   herself.

26

COMPLAINT – CLASS ACTION AND DEMAND
FOR JURY TRIAL
No.:

- 3 -

STRITMATTER KESSLER
KOEHLER MOORE
3600 15th Avenue West, #300 | Seattle, WA  98119
Tel: 206/448-1777 | Fax: 206/728-2131

14.     Defendant Amazon.com, Inc. is a Delaware corporation with its headquarters and principal place of business located at 410 Terry Avenue North, Seattle, Washington.

15.     Defendant Amazon.com Services LLC, is a Washington limited liability company with its headquarters and principal place of business located at 410 Terry Avenue North, Seattle, Washington.

## III.    JURISDICTION AND VENUE

16.     This Court has subject-matter jurisdiction over this dispute under 28 U.S.C. §1332(d) because the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and because at least one member of each class is a citizen of a different state than at least one Defendant.

17.     This Court has personal jurisdiction over Defendants because a substantial part of the harm, events, and conduct giving rise to Plaintiffs' claims occurred in Washington, and Defendants are headquartered in Washington.

18.     Venue is proper in this Court under 28 U.S.C. §1391 because Defendants are headquartered in this District, and because a substantial part of the events and conduct giving rise to Plaintiffs' claims took place in this District.

## IV.    FACTUAL ALLEGATIONS

19.     Alexa's genesis is traced to 2010, when A2Z Development Center, LLC [4] began designing and engineering the Echo "smart speaker."  In 2014, Alexa was introduced to the world when Amazon launched the Echo "smart speaker" product.

---

[4]    Upon information and belief, Amazon.com Services LLC is the successor of A2Z Development Center, LLC, which was a Delaware limited liability company with its headquarters and principal place of business located at 1120 Enterprise Way, Sunnyvale, California.  A2Z Development Center, LLC employed thousands of individuals, many of whom worked on Alexa-enabled devices and software at its Sunnyvale headquarters, and was a subsidiary of Amazon.com, Inc.

COMPLAINT – CLASS ACTION AND DEMAND
FOR JURY TRIAL
No.:                                                    - 4 -

STRITMATTER KESSLER
KOEHLER MOORE
3600 15th Avenue West, #300 | Seattle, WA  98119
Tel: 206/448-1777 | Fax: 206/728-2131

20.     Amazon has described Alexa as its "voice AI," which "lives in the cloud and is happy to help anywhere there's internet access and a device that can connect to Alexa."[5]

21.     Defendants designed the Alexa Devices to record and respond to communications after someone says a "wake" word – which is usually "Alexa" or "Echo."[6]  Once Alexa recognizes the wake word, it starts recording communications and transmits the recording to Amazon's servers where "'algorithms in the server . . . analyze the speech pattern and try to detect and identify the words'" to generate a response.[7]

22.     Routinely, however, Alexa Devices surreptitiously record communications without the intentional use of a wake word.  It has been reported that Alexa often activates – and then begins recording and transmitting communications to the cloud – despite the absence of a wake word.[8] For instance, when the wake word is "Echo," Alexa regularly activates when it hears words containing a vowel plus "k" or "g" sounds.[9]  Examples include common words and phrases such as "pickle," "that cool," "back to," and "ghost."[10]   It has also been reported that at least 100 transcripts of conversations are uploaded to the cloud every day that have been recorded by Alexa Devices without being intentionally activated.[11]

23.     Because Alexa is designed to capture voices "from anywhere in the room,"[12] its auditory reach is expansive.  It can hear individuals typing across the room such that it can record

---

[5]     Amazon, *FAQs: What is Alexa?*, https://www.amazon.com/b?ie=UTF8&node=21576558011 (last visited June 23, 2021).

[6]     Matt Day, Giles Turner, & Natalia Drozdiak, *Amazon Workers Are Listening to What You Tell Alexa*, BLOOMBERG (Apr. 10, 2019), https://www.bloomberg.com/news/articles/2019-04-10/is-anyone-listening-to-you-on-alexa-a-global-team-reviews-audio.

[7]     Carley Lerner, *Is Alexa Really Always Listening*, READER'S DIGEST (May 28, 2021), https://www.rd.com/article/is-alexa-really-always-listening/.

[8]     *Id.*

[9]     *See supra* note 3.

[10]     *Id.*

[11]     *See supra* note 5.

[12]     *See supra* note 1.

COMPLAINT – CLASS ACTION AND DEMAND
FOR JURY TRIAL
No.:

- 5 -

STRITMATTER KESSLER
KOEHLER MOORE
3600 15th Avenue West, #300 | Seattle, WA  98119
Tel: 206/448-1777 | Fax: 206/728-2131

1    PIN codes and text messages by picking up and listening to the vibration of the screen while a

2    user's finger taps it.[13]  Alexa has also recorded people during intimate moments.[14]  And, there have

3    been reports that Alexa has sent and forwarded audio recordings of private conversations to family

4    members, without the intent of the Alexa user.[15]

5         24.    When Alexa responds to a recording sent by an Alexa Device, Amazon

6    permanently stores a copy of that recoding on its own servers for later use and analysis.[16]  Amazon

7    does not dispute that it keeps transcripts and voice recordings indefinitely,[17] as it conceded this

8    point in a response to a United States senator's inquiry.  Instead, Amazon suggests it removes

9    transcripts and recordings if they are manually deleted by users.  However, because Alexa utilizes

10   "'other storage systems,'" there are still records from "some conversations with Alexa . . . even if

11   people remove the audio."[18]  In other words, "'Amazon's response leaves open the possibility that

12   transcripts of user voice interactions with Alexa are not deleted from all of Amazon's servers, even

13   after a user has deleted a recording of his or her voice . . . .  What's more, the extent to which this

14   data is shared with third parties, and how those third parties use and control that information, is

15   still unclear.'"[19]

16

17   _____

18   [13]  Aditya Saroha, *Alexa can hear and record what is typed in nearby devices, study finds*, THE
     HINDU (Dec. 28, 2020), https://www.thehindu.com/sci-tech/technology/alexa-can-hear-and-
     record-what-is-typed-in-nearby-devices-study-finds/article33435660.ece.

19   [14]  Asher Stockler, *Amazon Alexa Capturing Audio of People Having Sex, Possible Sexual
     Assaults: Report*, NEWSWEEK (Aug. 1, 2019), https://www.newsweek.com/amazon-alexa-
     recordings-romania-sex-privacy-1452173.

20   [15]  *See supra* note 6.

21   [16]  Charlie Osborne, *Amazon confirms Alexa customer voice recordings are kept forever*, ZD NET
     (July 3, 2019), https://www.zdnet.com/article/amazon-confirms-alexa-customer-voice-
22   recordings-are-kept-forever/.

23   [17]  Alfred Ng, *Amazon Alexa Keeps Your Data with No Expiration Date, and Shares it Too*, CNET
     (July 2, 2019), https://www.cnet.com/home/smart-home/amazon-alexa-keeps-your-data-with-no-
24   expiration-date-and-shares-it-too/.

25   [18]  *Id.*

26   [19]  *Id.*; Press Release, *Sen. Chris Coons, Amazon responds to Sen. Coons' concerns about
     consumer privacy practices for Alexa devices* (July 3, 2019),
     https://www.coons.senate.gov/news/press-releases/amazon-responds-to-sen-coons-concerns-
     about-consumer-privacy-practices-for-alexa-devices.

COMPLAINT – CLASS ACTION AND DEMAND
FOR JURY TRIAL
No.:
- 6 -

STRITMATTER KESSLER
KOEHLER MOORE
3600 15th Avenue West, #300 | Seattle, WA  98119
Tel: 206/448-1777 | Fax: 206/728-2131

25.     Amazon uses these recordings for its own benefits.  Crucially, Amazon has the capacity to eavesdrop on millions of conversations and then make targeted advertisements based on what is said.[20]   Moreover, many Alexa recordings are reviewed by Amazon workers and contractors, with reviewers analyzing up to 1,000 audio clips per day.[21]

26.     Early this year, Amazon's Alexa-related goals were clarified in a report detailing that Alexa is part of Amazon's plan to create a forced "shared" Internet that is opt-in by default. Indeed, Amazon intends that, automatically, all Amazon devices, including "Alexa, Echo, Ring, CCTV cameras, ambient light sources, motion sensors and other electronics" will share part of the user's Internet channel with his or her neighbors in case they do not have Internet and vice versa.[22] To opt out of this program, users must go through a burdensome opt-out process for all of their devices.

27.     It is undisputed that Amazon is a leviathan in the technology and e-commerce world.[23]   Amazon's main sources of revenue are retail sales, third-party seller services, subscription services, and Amazon Web Services ("AWS") arrangements that include "global sales of compute, storage, database and other services."[24]   Approximately 42% of the Internet is powered by AWS – more than double that of companies like Microsoft and Google.[25]

---

[20]  *See* U.S. Patent No. 10,692,506 (filed Aug. 2, 2019).

[21]  *See supra* note 13.

[22]  Abdullah, *Amazon Will Force Users of Their Devices to Share the Internet*, GIZCHINA (May 31, 2021), https://www.gizchina.com/2021/05/31/amazon-will-force-users-of-their-devices-to-share-the-internet/; *see also* Laurel Wamsley, *Your Amazon Echo will Share Your Wireless Network With Neighbors, Unless You Opt Out*, NPR (June 4, 2021), https://www.npr.org/2021/06/02/1002590964/your-amazon-echo-will-share-your-wi-fi-network-with-neighbors-unless-you-opt-out.

[23]  Amazon Inc. Form 10-K for Fiscal Year Ended December 31, 2020, https://ir.aboutamazon.com/sec-filings/default.aspx (reporting its net sales in 2020 were over $386 billion).

[24]  *Id.*

[25]  Matt Ward, *Amazon Eats the World*, thinkgrowth.org (Jan. 29, 2018), https://thinkgrowth.org/the-big-4-part-one-amazon-the-company-that-consumes-the-world-fb4679f10708.

COMPLAINT – CLASS ACTION AND DEMAND
FOR JURY TRIAL

No.:

- 7 -

STRITMATTER KESSLER
KOEHLER MOORE
3600 15th Avenue West, #300 | Seattle, WA  98119
Tel: 206/448-1777 | Fax: 206/728-2131

28.     Thus, it is unsurprising that Amazon's goal has been, and remains, the aggressive acquisition of consumers' data based on its dominant AWS presence, its "shared" Internet program, and the use of Alexa Devices to capture and record human communications and data.

29.     Today, Amazon's use of the Alexa smart-speaker technology is ubiquitous, as the "cloud-based voice service [is] available on hundreds of millions of devices from Amazon and third-party device manufacturers,"[26] including residential thermostats, computers, and security cameras.    Indeed, as of January 2019, Amazon reported that over 100 million devices with Amazon's Alexa assistant pre-installed have been sold.[27]

30.     To use an Alexa Device, a person needs a WiFi Internet connection and the Alexa mobile application ("Alexa App") installed on a smartphone or tablet, which also requires the user to have an Amazon account.

31.     After downloading the Alexa App, the user must follow the set-up process on the Alexa Device and pair the Alexa Device with the Alexa App.  Then, the Alexa Device is ready for use by anyone – including people with no Amazon accounts, no Alexa Devices, and no Alexa App.

32.     Amazon does not adequately warn users that it is recording, monitoring, intercepting, transmitting, or storing their communications in perpetuity.  Amazon also does not sufficiently disclose that it is creating a permanent repository of users' voices when they are communicating in close proximity to an Alexa Device.  Amazon further does not have consent to do so.

33.     In addition, the storage of these recording are reportedly unsecure as they are vulnerable to hackers.[28]

---

[26]   Amazon, *What is Alexa?*, https://developer.amazon.com/en-US/alexa (last visited June 23, 2021).

[27]   Lucase Matney, *More than 100 million Alexa devices have been sold*, Tech Crunch (Jan. 4, 2019), https://techcrunch.com/2019/01/04/more-than-100-million-alexa-devices-have-been-sold/.

[28]   Tech Desk, *A critical flaw could have leaked all your personal Alexa voice recordings*, THE INDIAN EXPRESS (Aug. 14, 2020), https://indianexpress.com/article/technology/social/amazon-alexa-critical-bug-voice-recordings-6554545/.

COMPLAINT – CLASS ACTION AND DEMAND
FOR JURY TRIAL
No.:

- 8 -

STRITMATTER KESSLER
KOEHLER MOORE
3600 15th Avenue West, #300 | Seattle, WA  98119
Tel: 206/448-1777 | Fax: 206/728-2131

34. Certainly, Amazon has the ability to ask for consent from its users. It can ask its users whether they would like to prevent Alexa from maintaining a permanent database of their conversations. It can ask users for affirmative consent to permanently store conversations, and then deactivate the permanent recording function for users who do not provide consent. Or, it could simply only use the voice recording for the duration necessary to store them locally on the device, rather than transmit every single recording to Amazon's servers.

35. Amazon, however, does not do this because it would be antithetical to its overarching objective of collecting as much data from Americans as possible to further its commercial endeavors. To that end, the use of Alexa Devices to improperly capture and preserve private communications from millions of Americans is working exactly as Amazon intended.

## V.   CLASS ALLEGATIONS

36. Plaintiffs bring this action pursuant to Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure, individually and on behalf of all other persons similarly situated.

37. Plaintiffs bring this action individually and on behalf of the following Nationwide Class:

> **Nationwide Class:** All residents in the United States and its Territories who used Alexa on any Alexa Device, or had their communications recorded, stored, intercepted, or monitored by an Alexa Device.

> **California Subclass:** All residents in California who used Alexa on any Alexa Device, or had their communications recorded, stored, intercepted, or monitored by an Alexa Device.

> **Florida Subclass:** All residents in Florida who used Alexa on any Alexa Device, or had their communications recorded, stored, intercepted, or monitored by an Alexa Device.

> **Massachusetts Subclass:** All residents in Massachusetts who used Alexa on any Alexa Device, or had their communications recorded, stored, intercepted, or monitored by an Alexa Device.

COMPLAINT – CLASS ACTION AND DEMAND
FOR JURY TRIAL
No.:

STRITMATTER KESSLER
KOEHLER MOORE
3600 15th Avenue West, #300 | Seattle, WA  98119
Tel: 206/448-1777 | Fax: 206/728-2131

- 9 -

**New Hampshire Subclass:** All residents in New Hampshire who used Alexa on any Alexa Device, or had their communications recorded, stored, intercepted, or monitored by an Alexa Device.[29]

38.     Excluded from the Class are Defendants, their employees, officers, directors, legal representatives, heirs, successors, and wholly or partly owned subsidiaries or affiliated companies; Plaintiffs' counsel and their employees; and the judicial officers and their immediate family members and associated Court staff assigned to this case.

39.     Plaintiffs reserve the right to modify, expand, or amend the definitions of the proposed Classes following the discovery period and before the Court determines whether class certification is appropriate.

40.     Certification of Plaintiffs' claims for Class-wide treatment is appropriate because Plaintiffs can prove the elements of their claims on a Class-wide basis using the same evidence as would prove those elements in individual actions alleging the same claims.

**Numerosity**

41.     This action satisfies the requirement of Fed. R. Civ. P. 23(a)(1) as Defendants' conduct violated the privacy rights of potentially millions of Class members, including Plaintiffs, without consent.

42.     The identity of Class members is ascertainable, as the names of Class members can be identified through objective criteria.  Specifically, Amazon knows the names of all Class members who have an Amazon account and are registered to an Alexa Device, or have downloaded the Alexa App, and unregistered Class members can self-identify as members of the Class by determining whether there is a registered Alexa Device in their household.  Plaintiffs anticipate providing appropriate notice to the certified Class in compliance with Fed. R. Civ. P. 23(c)(2)(A) and/or (B), to be approved by the Court after class certification, or pursuant to Court Order under Fed. R. Civ. P. 23(d).

---

[29]    The Nationwide Class and the Subclasses are referred to herein as the "Class."

COMPLAINT – CLASS ACTION AND DEMAND
FOR JURY TRIAL
No.:

STRITMATTER KESSLER
KOEHLER MOORE
3600 15th Avenue West, #300 | Seattle, WA  98119
Tel: 206/448-1777 | Fax: 206/728-2131

**Typicality**

43.     This action satisfies the requirements of Fed. R. Civ. P. 23(a)(3) because Plaintiffs' claims are typical of the claims of each of the Class members, as all Class members were and are similarly affected, and her claims arise from the same or substantially similar conduct.

**Adequacy of Representation**

44.     This action satisfies the requirements of Fed. R. Civ. P. 23(a)(4) because Plaintiffs are committed to prosecuting the action, will fairly and adequately protect the interests of Class members, and have retained counsel competent and experienced in class action litigation, including litigations to remedy privacy violations.  Plaintiffs have no interest that is antagonistic to the interests of the Class, and Defendants have no defenses unique to Plaintiffs.  Plaintiffs and their counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and they have the resources to do so.  Neither Plaintiffs nor their counsel have any interest adverse to the interests of the other members of the Class.

**Commonality**

45.     This action satisfies the requirements of Fed. R. Civ. P. 23(a)(2) because there are questions of law and fact that are common to the Class.  These common questions predominate over any questions affecting only individual Class members.  The questions of law and fact common to the Class include, but are not limited to:

(a)     whether Alexa Devices operating Alexa record, monitor, intercept, or store voice recordings of persons who interact with them;

(b)     whether registered or unregistered Alexa users who use Alexa Devices in their home or locations where they otherwise would have an expectation of privacy, have an objectively reasonable expectation of confidentiality;

(c)     whether Defendants obtained consent to record, monitor, intercept, or store voice recordings of registered or unregistered users of Alexa Devices; and

COMPLAINT – CLASS ACTION AND DEMAND
FOR JURY TRIAL
No.:

- 11 -

STRITMATTER KESSLER
KOEHLER MOORE
3600 15th Avenue West, #300 | Seattle, WA  98119
Tel: 206/448-1777 | Fax: 206/728-2131

1          (d)      whether Defendants' conduct violates the laws of the states of Washington,

2  Florida, California, New Hampshire, or Massachusetts as alleged below.

3  **Superiority/Predominance**

4         46.     This action satisfies the requirements of Fed. R. Civ. P. 23(b)(3).  A class action is

5  superior to other available methods for the fair and efficient adjudication of the rights of the Class

6  members.  The joinder of individual Class members is impracticable because of the vast number

7  of Class members.

8         47.     In comparison to piecemeal litigation, class action litigation presents far fewer

9  management difficulties, conserves the resources of both the judiciary and the parties far better,

10  and protects the rights of each Class member far more effectively.  The benefits to the legitimate

11  interests of the parties, the Court, and the public resulting from class action litigation substantially

12  outweigh the expenses, burdens, inconsistencies, economic infeasibility, and inefficiencies of

13  individualized litigation. Class adjudication is superior to other alternatives under Fed. R. Civ.

14  P. 23(b)(3)(D).  Class treatment will also avoid the substantial risk of inconsistent factual and legal

15  determinations on the many issues in this lawsuit.

16  **Rule 23(b)(2) Certification**

17         48.     The prerequisites to maintaining a class action for injunctive and equitable relief

18  pursuant to Fed. R. Civ. P. 23(b)(2) exist as Defendants have acted or refused to act on grounds

19  generally applicable to the Class, thereby making appropriate final injunctive and equitable relief

20  with respect to the Class as a whole.

21         49.     Defendants' actions are generally applicable to the Class as a whole, and Plaintiffs

22  seek, among other things, equitable remedies with respect to the Class as a whole.

23  **VI.    TOLLING, CONCEALMENT, AND ESTOPPEL**

24         50.     The applicable statutes of limitation have been tolled as a result of Amazon's

25  knowing and active concealment and denial of the facts alleged herein, namely its practice of

26

COMPLAINT – CLASS ACTION AND DEMAND
FOR JURY TRIAL
No.:

STRITMATTER KESSLER
KOEHLER MOORE
3600 15th Avenue West, #300 | Seattle, WA  98119
Tel: 206/448-1777 | Fax: 206/728-2131

- 12 -

recording, intercepting, monitoring, and permanently storing individuals' private conversations without their consent.

51.    Plaintiffs and Class members could not, with due diligence, have discovered the full scope of Amazon's conduct, due in no small part to Amazon's efforts to conceal such conduct. All applicable statutes of limitation also have been tolled by operation of the discovery rule.  Under the circumstances, Amazon was under a duty to disclose the nature and significance of their practice of recording, intercepting, monitoring, and permanently storing confidential communications, but did not do so.  Defendants are therefore estopped from relying on any statute of limitations.

52.    Amazon's fraudulent concealment and omissions are common to Plaintiffs and all Class members.

## COUNT I

### Violation of the Washington Wiretapping Statute, RCW 9.73.030
### (Brought on Behalf of Plaintiff Mirabile and the Nationwide Class)

53.    Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

54.    Pursuant to Amazon's Conditions of Use: "By using any Amazon Service, you agree that applicable federal law, and the laws of the state of Washington, without regard to principles of conflict of laws, will govern these Conditions of Use and any dispute of any sort that might arise between you and Amazon."

55.    Plaintiff and Class members used Alexa Devices in their residences or otherwise had their communications recorded, stored, intercepted, or monitored by an Alexa Device.

56.    When Plaintiff and Class members used Alexa Devices or otherwise had their communications recorded, stored, intercepted, or monitored by an Alexa Device, Amazon recorded their communications, transmitted them to cloud servers, and retained copies of them, in violation of RCW 9.73.030(1)(a), which prohibits the intentional interception of another person's oral communications.

COMPLAINT – CLASS ACTION AND DEMAND
FOR JURY TRIAL
No.:

STRITMATTER KESSLER
KOEHLER MOORE
3600 15th Avenue West, #300 | Seattle, WA  98119
Tel: 206/448-1777 | Fax: 206/728-2131

57.     When Plaintiff and Class members used Alexa Devices or otherwise had their communications recorded, stored, intercepted, or monitored by an Alexa Device, Amazon recorded their communications, transmitted them to cloud servers, retained copies of them, and utilized those recordings for Amazon's own commercial benefit, in violation of RCW 9.73.030(1)(b), which prohibits the intentional interception of another person's oral conversations.

58.     Amazon did not adequately disclose to Plaintiff and Class members that it would record and store their communications and conversation that occurred in the vicinity of Alexa.

59.     Plaintiff and Class members did not believe that Amazon would record and store their interactions with Alexa.

60.     Plaintiff and Class members reasonably expected that their Alexa interactions would remain private.

61.     Plaintiff and Class members did not consent to have their communications recorded, stored, intercepted, or monitored by Amazon through the Alexa Device.

62.     Amazon intentionally recorded and stored interactions Plaintiff and Class members had with Alexa.

63.     Amazon's conduct violated the statute complained of herein.

64.     Amazon's conduct in violation of the statute complained of herein caused injury to the dignity, well-being, and security of Plaintiff and Class members.

65.     By this conduct, Amazon intentionally intercepted and used oral communications without the consent of all parties to those communications, in violation of RCW 9.73.030.

66.     Amazon violated Plaintiff's and Class members' right to privacy in their confidential communications, as protected by RCW 9.73.030.

67.     Amazon is able, and Plaintiff seeks an Order requiring it, to destroy the recordings of Plaintiff's and Class members' interactions with Alexa Devices, and to implement procedures requiring consent from any user.

COMPLAINT – CLASS ACTION AND DEMAND
FOR JURY TRIAL
No.:

- 14 -

STRITMATTER KESSLER
KOEHLER MOORE
3600 15th Avenue West, #300 | Seattle, WA  98119
Tel: 206/448-1777 | Fax: 206/728-2131

68.     Plaintiff, individually and on behalf of the members of the Class, seeks: (1) an injunction requiring Amazon to obtain consent prior to recording Alexa Device interactions, communications, or conversations and to delete those recordings already made, and to implement functionality sufficient to prevent unauthorized recordings in the future; (2) damages equal to $100 per day or $1,000, whichever is greater, under RCW 9.73.060; (3) punitive damages; and (4) costs and reasonable attorneys' fees under RCW 9.73.060.

69.     Plaintiff, individually and on behalf of the members of the Class, brings this claim within four years of the alleged misconduct that occurred by Amazon, as set forth herein.

## COUNT II

### Violation of the Florida Wiretapping Statute, Fla. Stat. §934.03
### (Brought on Behalf of Plaintiff Merman and the Florida Subclass)

70.     Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

71.     Plaintiff and Class members used Alexa Devices in their residences or otherwise had their communications recorded, stored, intercepted, or monitored by an Alexa Device.

72.     When Plaintiff and Class members used Alexa Devices or otherwise had their communications recorded, stored, intercepted, or monitored by an Alexa Device, Amazon recorded their communications, transmitted them to cloud servers, and retained copies of them, in violation of Fla. Stat. §934.03(1)(a), which prohibits the intentional interception of another person's oral communications.

73.     When Plaintiff and Class members used Alexa Devices or otherwise had their communications recorded, stored, intercepted, or monitored by an Alexa Device, Amazon recorded their communications, transmitted them to cloud servers, retained copies of them, and utilized those recordings for Amazon's own commercial benefit, in violation of Fla. Stat. §934.03(1)(b), which prohibits the intentional "use" of another person's oral communications.

74.     Amazon did not adequately disclose to Plaintiff and Class members that it would record and store their communications that occurred in the vicinity of Alexa.

COMPLAINT – CLASS ACTION AND DEMAND
FOR JURY TRIAL
No.:

- 15 -

STRITMATTER KESSLER
KOEHLER MOORE
3600 15th Avenue West, #300 | Seattle, WA 98119
Tel: 206/448-1777 | Fax: 206/728-2131

75.    Plaintiff and Class members did not believe that Amazon would record and store their interactions with Alexa.

76.    Plaintiff and Class members reasonably expected that their Alexa interactions would remain private.

77.    Plaintiff and Class members did not consent to have their communications recorded, stored, intercepted, or monitored by Amazon through the Alexa Device.

78.    Amazon intentionally recorded and stored interactions Plaintiff and Class members had with Alexa.

79.    Amazon's conduct violated the statute complained of herein.

80.    Amazon's conduct in violation of the statute complained of herein caused injury to the dignity, well-being, and security of Plaintiff and Class members.

81.    By this conduct, Amazon intentionally intercepted and used oral communications without the consent of all parties to those communications, in violation of Fla. Stat. §934.03.

82.    Amazon violated Plaintiff's and Class members' right to privacy in their confidential communications, as protected by Fla. Stat. §934.03.

83.    Amazon is able, and Plaintiff seeks an Order requiring it, to destroy the recordings of Plaintiff's and Class members' interactions with Alexa Devices, and to implement procedures requiring consent from any user.

84.    Plaintiff, individually and on behalf of the members of the Class, seeks: (1) an injunction requiring Amazon to obtain consent prior to recording Alexa Device interactions, communications, or conversations and to delete those recordings already made, and to implement functionality sufficient to prevent unauthorized recordings in the future; (2) damages equal to $100 per day or $1,000, whichever is greater, under Fla. Stat. §934.10; (3) punitive damages; and (4) costs and reasonable attorneys' fees under Fla. Stat. §934.03.

85.    Plaintiff, individually and on behalf of the members of the Class, brings this claim within four years of the alleged misconduct that occurred by Amazon, as set forth herein.

COMPLAINT – CLASS ACTION AND DEMAND
FOR JURY TRIAL
No.:

- 16 -

STRITMATTER KESSLER
KOEHLER MOORE
3600 15th Avenue West, #300 | Seattle, WA  98119
Tel: 206/448-1777 | Fax: 206/728-2131

**COUNT III**

**Violation of the New Hampshire Wiretapping Statute, N.H. Rev. Stat. § 570-A:2
(Brought on Behalf of Plaintiffs Diane McNealy and Michael McNealy and the New
Hampshire Subclass)**

86.     Plaintiffs incorporate by reference the foregoing allegations as if fully set forth herein.

87.     Plaintiffs and Class members used Alexa Devices in their residences or otherwise had their private conversations overheard, recorded, intercepted, or monitored by an Alexa Device.

88.     When Plaintiffs and Class members used Alexa Devices or otherwise had their communications recorded, stored, intercepted, or monitored by an Alexa Device, Amazon recorded their communications, transmitted them to cloud servers, retained copies of them, in violation of N.H. Rev. Stat. § 570-A:2 (a) and (b), which prohibits the willful interception of any oral communication, and the willful use of any device to intercept any oral communication, respectively.

89.     Amazon did not adequately disclose to Plaintiffs and Class members that it would record and store their communications that occurred in the vicinity of Alexa.

90.     Plaintiffs and Class members did not believe that Amazon would record and store their interactions with Alexa.

91.     Plaintiffs and Class members reasonably expected that their Alexa interactions would remain private.

92.     Plaintiffs and Class members did not consent to have their communications recorded, stored, intercepted, or monitored by Amazon through the Alexa Device.

93.     Amazon intentionally recorded and stored interactions Plaintiffs and Class members had with Alexa.

94.     Amazon's conduct violated the statute complained of herein.

95.     Amazon's conduct in violation of the state statute complained of herein caused injury to the dignity, well-being, and security of Plaintiffs and Class members.

COMPLAINT – CLASS ACTION AND DEMAND
FOR JURY TRIAL
No.:                                                                    - 17 -

STRITMATTER KESSLER
KOEHLER MOORE
3600 15th Avenue West, #300 | Seattle, WA  98119
Tel: 206/448-1777 | Fax: 206/728-2131

96.    By this conduct, Amazon intentionally intercepted and used oral communications without the consent of all parties to those communications, in violation of N.H. Rev. Stat. § 570-A:2.

97.    Amazon violated Plaintiffs' and Class members' right to privacy in their confidential communications, as protected by N.H. Rev. Stat. § 570-A:2.

98.    Amazon is able, and Plaintiffs seek an Order requiring it, to destroy the recordings of Plaintiffs and Class members' interactions with Alexa Devices, and to implement procedures requiring consent from any user.

99.    Plaintiffs, individually and on behalf of the members of the Class seek: (1) an injunction requiring Amazon to obtain consent prior to recording Alexa Device interactions, communications, or conversations and to delete those recordings already made, and to implement functionality sufficient to prevent unauthorized recordings in the future; (2) damages equal to $100 per day or $1,000, whichever is greater, under N.H. Rev. Stat § 570-A:11; (3) punitive damages; and (4) costs and reasonable attorneys' fees under N.H. Rev. Stat. § 570-A:2.

100.    Plaintiffs, individually and on behalf of the members of the Class, bring this claim within three years of the alleged misconduct that occurred by Amazon, as set forth herein.

### COUNT IV

**Violation of the Massachusetts Wiretapping Statute, Mass. Gen. Laws ch. 272, § 99**
**(Brought on Behalf of Plaintiff Hovassee and the Massachusetts Subclass)**

101.    Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

102.    Plaintiff and Class members used Alexa Devices in their residences or otherwise had their private conversations overheard, recorded, intercepted, or monitored by an Alexa Device.

103.    When Plaintiff and Class members used Alexa Devices or otherwise had their communications recorded, stored, intercepted, or monitored by and Alexa Device, Amazon recorded their communications, transmitted them to cloud servers, and retained copies of them, in

COMPLAINT – CLASS ACTION AND DEMAND
FOR JURY TRIAL
No.:

- 18 -

STRITMATTER KESSLER
KOEHLER MOORE
3600 15th Avenue West, #300 | Seattle, WA  98119
Tel: 206/448-1777 | Fax: 206/728-2131

violation of Mass. Gen. Laws ch. 272, § 99 (C)(1), which prohibits any corporation who "willfully commits an interception, attempts to commit an interception, or procures any other person to commit an interception or to attempt to commit an interception of any wire or oral communication."

104.   When Plaintiff and Class members used Alexa Devices or otherwise had their communications recorded, stored, intercepted, or monitored by an Alexa Device, Amazon recorded their communications, transmitted them to cloud servers, retained copies of them, and utilized those recordings for Amazon's own commercial benefit, in violation of Mass. Gen. Laws ch. 272, § 99 (C)(3)(b), which prohibits any corporation who "willfully uses or attempts to use the contents of any wire or oral communication, knowing that the information was obtained through interception."

105.   Amazon did not adequately disclose to Plaintiff and Class members that it would record and store their communications that occurred in the vicinity of Alexa.

106.   Plaintiff and Class members did not believe that Amazon would record and store their interactions with Alexa.

107.   Plaintiff and Class members reasonably expected that their Alexa interactions would remain private.

108.   Plaintiff and Class members did not consent to have their communications recorded, stored, intercepted, or monitored by Amazon through the Alexa Device.

109.   Amazon intentionally recorded and stored interactions Plaintiff and Class members had with Alexa.

110.    Amazon's conduct violated the statute complained of herein.

111.   Amazon's conduct in violation of the state statute complained of herein caused injury to the dignity, well-being, and security of Plaintiff and Class members.

COMPLAINT – CLASS ACTION AND DEMAND
FOR JURY TRIAL
No.:

STRITMATTER KESSLER
KOEHLER MOORE
3600 15th Avenue West, #300 | Seattle, WA  98119
Tel: 206/448-1777 | Fax: 206/728-2131

- 19 -

112.    By this conduct, Amazon intentionally intercepted and used oral communications without the consent of all parties to those communications, in violation of Massachusetts General Laws Chapter 272, Section 99.

113.    Amazon violated Plaintiff's and Class members' right to privacy in their confidential communications, as protected by Massachusetts General Laws Chapter 272, Section 99.

114.    Amazon is able, and Plaintiff seeks an Order requiring it, to destroy the recordings of Plaintiff and Class members' interactions with Alexa Devices, and to implement procedures requiring consent from any user.

115.    Plaintiff, individually and on behalf of the members of the Class seeks: (1) an injunction requiring Amazon to obtain consent prior to recording Alexa Device interactions, communications, or conversations and to delete those recordings already made, and to implement functionality sufficient to prevent unauthorized recordings in the future; (2) damages equal to $100 per day or $1,000, whichever is greater, under Mass. Gen. Laws ch. 272, §99(Q); (3) punitive damages; and (4) costs and reasonable attorneys' fees under Mass. Gen. Laws ch. 272, § 99(Q).

116.    Plaintiff, individually and on behalf of the members of the Class, brings this claim within three years of the alleged misconduct that occurred by Amazon, as set forth herein.

**COUNT V**
**Violation of the California Invasion of Privacy Act ("CIPA"),**
**Cal. Penal Code § 630, et seq.**
**(Brought on Behalf of Plaintiffs Mark Fladd and Stephanie Fladd and the California Subclass)**

117.    Plaintiffs incorporate by reference the foregoing allegations as if fully set forth herein.

118.    The California Legislature enacted CIPA finding that "advances in science and technology have led to the development of new devices and techniques for the purpose of eavesdropping upon private communications and that the invasion of privacy resulting from the

COMPLAINT – CLASS ACTION AND DEMAND
FOR JURY TRIAL
No.:

- 20 -

STRITMATTER KESSLER
KOEHLER MOORE
3600 15th Avenue West, #300 | Seattle, WA  98119
Tel: 206/448-1777 | Fax: 206/728-2131

1  continual and increasing use of such devices and techniques has created a serious threat to the free

2  exercise of personal liberties and cannot be tolerated in a free and civilized society." § 630.  Thus,

3  the intent behind CIPA is "to protect the right of privacy of the people of this state." *Id.*

4      119.    Cal. Penal Code §632 prohibits recording of any confidential communication,

5  including those occurring among the parties in the presence of one another or by means of a

6  telephone, telegraph or other device, through the use of an electronic amplifying or recording

7  device without the consent of all parties to the communication.

8      120.    When Plaintiffs and Class members used Alexa Devices or otherwise had their

9  communications recorded, stored, intercepted, or monitored by an Alexa Device, Amazon

10  recorded their communications, transmitted them to cloud servers, and retained copies of them, in

11  violation of Cal. Penal Code § 632(a) and (b), which prohibits any "corporation" from intentionally

12  using a "recording device to eavesdrop upon or record" any "confidential communication" without

13  the "consent of all parties" to the confidential communication.

14      121.    Plaintiffs and Class members allege that Amazon through the use of Alexa,

15  intentionally recorded the private conversations of individuals, because it had the knowledge, to a

16  substantial certainty, that the use of the Alexa Device will result in the recordation of a confidential

17  conversation.

18      122.    Indeed, Amazon's failure to rectify and destroy the audio recordings of millions of

19  individuals further demonstrates Amazon's intent to permanently store said confidential

20  communications, and to continue its practice of eavesdropping and recording individuals'

21  conversations.

22      123.    Plaintiffs and Class Members never consented to Amazon's recording of their

23  conversations.

24      124.    Plaintiffs and Class Members had a reasonable expectation of privacy in their

25  confidential communications.

26

COMPLAINT – CLASS ACTION AND DEMAND
FOR JURY TRIAL
No.:

- 21 -

125.    Plaintiffs and Class members seek statutory damages in accordance with § 637.2(a), which provides for the greater of: (1) $5,000 per violation; or (2) three times the amount of damages sustained by Plaintiffs and the Class in an amount to be proven at trial, as well as injunctive or other equitable relief.

126.    Plaintiffs and Class members have also suffered irreparable injury from these unauthorized acts of disclosure, their persona, private, and sensitive health information have been collected, viewed, accessed, stored, and used by Defendants, and have not been destroyed, and due to the continuing threat of such injury, have no adequate remedy at law, entitled Plaintiffs to injunctive relief.

127.    Plaintiffs, individually and on behalf of the members of the Class, bring this claim within two years of the alleged misconduct that occurred by Amazon, as set forth herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of the members of the proposed Class, respectfully requests that the Court enter an Order:

A.    Certifying this case as a class action on behalf of the Class defined above, appointing Plaintiffs as representatives of the Class, and appointing their counsel as Class counsel;

B.    Declaring that Amazon's conduct, as set forth above, violates the state statutes cited herein;

C.    Ordering Amazon to delete all recordings of Class members, and to implement procedures to require consent before recording or storing protected communications;

D.    Awarding damages, including nominal, statutory, and punitive damages where applicable, to Plaintiffs and the Class in an amount to be determined at trial;

E.    Awarding Plaintiffs and the Class their reasonable litigation expenses and attorneys' fees;

F.    Awarding Plaintiffs and the Class pre- and post-judgment interest, to the extent allowable;

COMPLAINT – CLASS ACTION AND DEMAND
FOR JURY TRIAL
No.:

- 22 -

STRITMATTER KESSLER
KOEHLER MOORE
3600 15th Avenue West, #300 | Seattle, WA  98119
Tel: 206/448-1777 | Fax: 206/728-2131

1      G.     Awarding such other further injunctive and declaratory relief as is necessary to

2 protect the interests of Plaintiffs and the Class; and

3      H.     Awarding such other and further relief as the Court deems reasonable and just.

4

<b>JURY DEMAND</b>

5     Plaintiffs demand a trial by jury for all issues so triable.

6  DATED:  [Insert Date]            STRITMATTER KESSLER

7                                 KOEHLER MOORE

BRAD J. MOORE, WSBA #[insert]

8

9

10                                   Brad J. Moore

11                       3600 15th Avenue West, #300

Seattle, WA  98119

12                       Telephone:  206/448-1777

206/728-2131 (fax)

13                       brad@stritmatter.com

14                       ROBBINS GELLER RUDMAN & DOWD LLP

PAUL J. GELLER

15                       (applying for *pro hac vice*)

STUART A. DAVIDSON

16                       (applying for *pro hac vice* )

MAXWELL H. SAWYER

17                       (applying for *pro hac vice*)

120 East Palmetto Park Road, Suite 500

18                       Boca Raton, FL  33432

Telephone:  561/750-3000

19                       561/750-3364 (fax)

20                       pgeller@rgrdlaw.com

sdavidson@rgrdlaw.com

21                       msawyer@rgrdlaw.com

22                       ROBBINS GELLER RUDMAN & DOWD LLP

SAMUEL H, RUDMAN

23                       (applying for *pro hac vice*)

58 South Service Road, Suite 200

24                       Melville, NY  11747

Telephone: 631/367-7100

25                       631/367-1173 (fax)

srudman@rgrdlaw.com

26

COMPLAINT – CLASS ACTION AND DEMAND
FOR JURY TRIAL
No.:                               - 23 -

STRITMATTER KESSLER
KOEHLER MOORE
3600 15th Avenue West, #300 | Seattle, WA  98119
Tel: 206/448-1777 | Fax: 206/728-2131

THORNTON LAW FIRM LLP
GUILLAUME BUELL
(applying for *pro hac vice*)
1 Lincoln Street
Boston, MA  02111
Telephone: 617/720-1333
617/720-2445 (fax)

Attorneys for Plaintiffs

COMPLAINT – CLASS ACTION AND DEMAND
FOR JURY TRIAL
No.:

- 24 -

STRITMATTER KESSLER
KOEHLER MOORE
3600 15th Avenue West, #300 | Seattle, WA  98119
Tel: 206/448-1777 | Fax: 206/728-2131